**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MINDY Y. ELLIS | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: |
| WAL-MART ASSOCIATES, INC., d/b/a WAL-MART SUPERCENTER. | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Comes now the Plaintiff Mindy Ellis, by counsel, and alleges against Defendant as follows:

1. The Plaintiff is Mindy Y. Ellis, who is a qualified black/African American employee of the Baptist Christian religion, at all material times to this Complaint.

2. The Defendant is Wal-Mart Associates, Inc., d/b/a Wal-Mart Supercenter, a/k/a "Wal-Mart", a company doing business at 3240 S. Western Ave., Marion Indiana 46953. The Defendant's registered agent is C T Corporation System, located at 334 North Senate Avenue, Indianapolis, Indiana 46204. At all material times to this Complaint, the Defendant has been an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e) *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

3. The Plaintiff filed a Charge of Discrimination with the Indiana Civil Rights Commission on September 16, 2019, EEOC # 470-2019-02871, and an Amended Charge of Discrimination was filed with the EEOC on August 1, 2020. Copies of both the Charge and Amended Charge are attached hereto, made a part hereof, and incorporated herein as Ex. A, and Ex. B. The EEOC issued a Dismissal and Notice of Rights/ Notice of Suit Rights for EEOC # 470-2019-

02871, on August 6, 2020 a copy of which is attached hereto and made a part hereof as Ex. C. All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. The Plaintiff was initially employed by the Defendant on about November 9, 2017, as a Customer Services Cashier. She was fired on about May 27, 2019, then rehired/ reinstated on June 19, 2019. The Plaintiff continues to be employed by the Defendant as of the date of this Complaint, but is currently on an unpaid suspension.

5. Prior to May 25, 2019, and since her rehire/reinstatement, she applied for but was denied advancement into an Asset Protection, and a Manager position, either of which she was qualified to fill. Instead, similarly situated employees that were outside of her race and/or religion, and who had never complained of discrimination or retaliation in the workplace, were placed into those positions. The Defendant told the Plaintiff that only individual's with "open hours" can be given either of the two positions. Similarly situated individuals outside of the Plaintiff's race/color, and religion, that had schedule limitations (and who also lacked "open hours"), however were placed into the Defendant's Asset Protection and Manager positions.

6. On about May 25, 2019, the Plaintiff was called into a meeting with management, and given a false and unjustified disciplinary action, which she refused to sign. The write up was for allegedly cursing and being late in returning from a lunch break. A similarly situated white /Caucasian employee, whom by information and belief was non-Baptist however was known to be periodically late when returning from breaks, but were not disciplined for it or fired. During the meeting with the Plaintiff, the Plaintiff told the managers she believed she was being discriminated against and written up because of her race/color.

2

7. The Plaintiff was wrongfully terminated on about May 27, 2019 from her position, after refusing to sign false and unjustified write up. At the same time, the Defendant retained a similarly situated white employee with a similar or worse history of tardiness and disciplinary history than the Plaintiff. By information and belief, the white employee also was not of the Baptist religion. Also, similarly situated individuals outside of the Plaintiff's race/ color, and who were not of the Baptist religion, who had worse attendance and worse disciplinary histories than the Plaintiff, and/or who refused to sign disciplinary write ups, were in contrast, were retained by the Defendant.

8. The Plaintiff was rehired/reinstated by the Defendant on about June 19, 2019, and placed into a less favorable position than she previously held. The new position she was given was as a Money Services Center Cashier.

9. She was not paid for the lost wages she incurred during the weeks between her wrongful termination and her reinstatement.

10. The Plaintiff filed a Charge of Discrimination on September 16, 2019, EEOC # 470-2019-02871. In it she alleged that the Defendant had discriminated against her on the basis of her race (African American), and her religion also played a role in the Defendant's discriminatory conduct. (Her later Amended Charge of Discrimination provided added details regarding the basis of the claims).

11. In the position of Money Services Cashier, the Plaintiff was required to take on many responsibilities that were different from those of her original cashier position, but the Defendant provided the Plaintiff with significantly less training for the position than it gave to the similarly situated employees that were non-black/non-African American, non-Baptist, and/or whom had

3

not protested unlawful discrimination.

12. The Plaintiff filed her Amended Charge of Discrimination on August 1, 2020. The Amended Charge addressed additional details as to the basis of the Plaintiff's original race discrimination claims, the claim of religious discrimination, and added a claim of unlawful retaliation. The EEOC Notice of Rights to Sue was issued five days later.

13. The Plaintiff continues to be employed by the Defendant as of the date of this Complaint, but is currently on an unpaid suspension. On October 2, 2020 the Defendant suspended the Plaintiff, claiming that it was their policy to suspend employees with work related arrests. The Plaintiff was arrested (but *not* convicted) on a charge stemming from an incident that allegedly occurred in May 2020 between the Plaintiff and a family member. Furthermore, by information and belief, similarly situated employees that were non-clack/ non-African American, and/or who were non-Baptist, and/or that had never protested of discrimination, were not suspended for arrests that were non-work related.

14. The Plaintiff contends that the Defendant's proffered reasons for the initial termination, and for her recent suspension, were false and pretextual. She contends that in reality, the Defendant discriminated against and retaliated against her on the basis of her color/race (black/ African American), her religion (Baptist), and for engaging in the protected activity of objecting to and complaining of unlawful discriminatory and/or unlawful retaliatory treatment, all of which violated the Plaintiff's rights under Title VII, and § 1981.

15. The Defendant's unlawful discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job, and job-related benefits including income, and it also subjected the Plaintiff to inconvenience, mental anguish, emotional distress,

and other damages and injuries.

16. The Defendant's discriminatory and/or retaliatory conduct was also intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under Title VII, and § 1981. Imposition of punitive damages is appropriate.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for compensatory damages, punitive damages, reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

### JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

### VERIFICATION

I hereby verify under penalty of perjury that I have read and reviewed the Complaint, and that it is true and correct to the best of my knowledge and/or belief.

Date: 11-03-20

Signature: _____

Mindy Ellis, PLAINTIFF,

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

_____
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:       cmyers@myers-law.com
*Attorney for Plaintiff*

5